UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA DATON LOFTSON,          )
                                      )
                Plaintiff,        )
                                      )
                v.           )       No. 2:20-cv-00411-JPH-MJD
                                      )
VIGO COUNTY JAIL, et al.        )
                                      )
                Defendants.    )

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO AMEND**

Joshua Daton Loftson, an inmate at the Vigo County Jail, has sued the Jail and the Sheriff alleging that the conditions at the jail are unconstitutional.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names two defendants: Vigo County Jail and Sheriff Plasse. The plaintiff alleges that the jail is overcrowded and, as a result, the plaintiff has needed to sleep less than six inches off the floor. He also claims the chaplain has denied his requests for a religious diet and Quran.

The complaint as presented fails to state a claim upon which relief may be granted. The overarching problem is that Mr. Loftson does not allege that he has suffered any compensable injury as a result of overcrowding generally or sleeping less than six inches off the floor. Section 1983 allows for recovery only by a "party *injured*" by a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added); *see also Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015) (a plaintiff must "establish one of the necessary elements of a constitutional tort: that the officer's act ... caused any injury.") (internal quotation omitted).

As for his First Amendment claims, he has not named the chaplain as a defendant and does not allege that the Sheriff was personally involved in denying him access to a Quran or religious diet. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Furthermore, Vigo County Jail is not a proper defendant in a civil rights action proceeding under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he

district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

### III.  Dismissal of Action and Opportunity to Amend

The plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. The plaintiff shall have **through September 16, 2020,** in which to file an amended complaint.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Because an amended complaint completely replaces the currently operative complaint, it must be a complete statement of the plaintiff's claims, including the factual basis of those claims and the relief sought by the plaintiff. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The proposed amended complaint should have the proper case number, 2:20-cv-00411-JPH-MJD, and the words "Amended Complaint" on the first page.

**SO ORDERED.**

Date: 8/11/2020

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

JOSHUA DATON LOFTSON
31685
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807